IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV - 2 2016

JAMES N. HATTEN, CLERK
By: [signature]

| | |
|---|---|
| KEVIN HICKEY, | § |
| Petitioner, | § |
| vs. | § Case No: 1:13-cr-266-TCB |
| UNITED STATES OF AMERICA, | § |
| Respondent. | |

**PETITIONER'S MOTION FOR GOVERNMENT TO SHOW CAUSE AS A RESPONDENT UNDER FED. R. 19 AND DUTY TO DISCLOSE FED. R. 26 PURSUANT TO REQUEST FOR SENTENCE DOWNWARD DEPARTURE**

COMES NOW, KEVIN HICKEY, hereinafter the Petitioner, appearing by Pro se representation, to petition this Honorable Court for relief and/or correcting of a sentence under his Motion for Sentence Downward Departure pursuant to Fed. R. 35(b), Title 18 U.S.C. § 3553(3), and § 5K1.1 of the United States Sentencing Guidelines.

Under Fed. R. 35(b), the defendant must satisfy a two prong test:

(1) A defendant must offer substantial assistance in the "investigation" or "prosecution" of another person.

    (a) Under Black's Law Dictionary, an "investigation" always entails a target, and if Rule 35(b) is to apply, the target must be another person. In the Petitioner's case, that person was Alyn Frances Wambeke.

-1-

    (b) Black's Law Dictionary, a "prosecution" is a criminal proceeding in which an accused person is tried for crimes they allegedly committed. In the case of Alyn Francis Wambeke, the Petitioner asserts the defendant was indeed prosecuted, convicted, and sentenced due to the Petitioner's substantial assistance to the Government and his conviction may not have been possible otherwise.

(2) The Government must move within one year after the sentence is imposed to have the sentence reduced. An exemption exists only if a defendant's substantial assistance is based on information unknown to the Defendant during the year after sentencing. United States v. Orozco 160 F.3d 1309 (11th Circuit, 1998) cert. denied, 528 U.S. 1082, 120 S.Ct. 805 145 L.Ed. 2d 678 (2000), (holding that the district court judge lacked jurisdiction to consider Rule 35(b) motion when requirements are not satisfied).

In the Petitioner's case, the Government has not yet moved to impose a sentence reduction for the Petitioner, despite a court order by the District Court. The Petitioner asserts that he has not been given proper discovery of information unknown by Petitioner under Fed. R. 26(a)(2)(A). Disclosures are required by Rule 26(a)(1) in that the party must disclose to the other parties the identity of any witness it may use at a trial to present evidence under Fed. Rule of Evidence 702, 703, or 705. In addition, under Fed. R. 26(a)(2)(B), unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

>     (i) the subject matter on which the witness is expected to present evidence under Fed. Rule of Evidence 702, 703, or 705; and,
>
>     (ii) a summary of facts and opinions to which the witness is expected to testify.

Petitioner has not received or been notified of any disclosures used by the Government for the purposes of his substantial assistance in the prosecution and conviction of Alyn Francis Wambeke. The Supreme Court has held that the government has "a power, not a duty, to file a motion when a defendant has substantially assisted," Wade v. United States 504 US 181, 185, 112 S.Ct. 1840 1843, 118 L.Ed. 2d 524 (1992). The Supreme Court held that the government's discretion is such that federal district courts may review the government's refusal to file a substantial assistance motion only if the defendant first makes a "substantial threshold showing" that the refusal is based upon an unconstitutional motive, such as the defendant's "race or religion."

Under Title 28 U.S.C. § 994(n), The United States Sentencing Commission shall assure that the guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed, including a sentence that is <u>lower</u> than that established by statutes as a minimum sentence, to take into account a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense, in this case Alyn Francis Wambeke. See § 5K1.1 (Substantial Assistance to Authorities). Upon such motion, the guidelines grant the district judge discretion to "depart from the guidelines."

Under Fed Rule 32 (h), before the Court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The Petitioner has not been given any notice or shown cause as to why a downward departure of his sentence shall not be granted and is entitled to discovery.

## SUBSTANTIAL THRESHOLD SHOWING UPON
## AN UNCONSTITUTIONAL MOTIVE
## "RACE OR RELIGION"

I. <u>Religion</u>

The Petitioner is a practicing Catholic. Before his arrest, he was gainfully employed by a Catholic organization. He was actively involved in the practice of Catholicism. Petitioner asserts that the identification and implications of his religion during sentencing of himself and Alyn Francis Wambeke have biased and prejudiced the government in their failure to file a motion for a lawful sentence reduction on his behalf constituting an unconstitutional motive.

II. <u>Race / Sexual Orientation</u>

The Petitioner and the defendant Alyn Francis Wambeke were involved in a homosexual relationship. The Petitioner asserts bias and prejudice based on sexual orientation which has been recognized by the Supreme Court as discrimination just as race bias has, also constituting an unconstitutional motive.

## **RELIEF SOUGHT**

The Petitioner, KEVIN HICKEY, seeks a lawful sentence reduction based upon his substantial assistance that he provided in the prosecution and conviction of Alyn Francis Wambeke and others.

Petitioner requests:

(1) Government to respond to the district court's order and to file a motion for sentence reduction pursuant to Fed. R. 35 and § 5K1.1, thereby reducing the Petitioner's sentence to TIME SERVED, also reducing his Supervised Release Term from LIFE to FIVE (5) years.

(2) In the alternative, Petitioner requests the District Court order the Government to provide discovery and show cause as to the grounds for not granting the Petitioner relief and why these grounds do not constitute unconstitutional motives relating to either religion (Catholicism), race or sexual orientation.

(3) The Petitioner asserts that the district court may exercise jurisdiction in reducing the Petitioner's sentence to TIME SERVED and a Supervised Release Term of FIVE (5) years based on the Petitioner's "substantial threshold showing" of unconstitutional motives of the Government.

Petitioner prays that this Honorable Court GRANT this [his] motion and correct his sentence to TIME SERVED and FIVE (5) years Supervised Release in the interests of Life, Liberty, and Equity.

Done this 31st day of October 2016.

Respectfully submitted,

Kevin Hickey

BOP Reg. No. 64758-019

Federal Satellite Low

2680 US Hwy 301 South

Jesup, GA 31599

**CERTIFICATE OF SERVICE**

I, KEVIN HICKEY, the Petitioner in the aforementioned cause, do hereby certify that I have served a copy of this requested action upon the CLERK OF COURT for the United States District Court for the Northern District of Georgia, Atlanta Division via the US Mail. The Petitioner requests that the Clerk of Court to forward a copy of this Motion to all interested parties via the CM/ECF System as the Petitioner is detained, indigent and has no other means.

I, hereby swear, attest, and affirm under the penalty of perjury pursuant to Title 28 USC § 1746 that the foregoing instrument is True, Accurate, and Complete to the best of my knowledge and belief.

This motion was executed on the 31st day of October 2016 and sent first class postage prepaid via the inmate mailing system available at the Federal Satellite Low at Jesup facility in Jesup, Georgia.

Respectfully submitted,

*/s/ Kevin Hickey*

KEVIN HICKEY

BOP Reg. No. 64758-019

Federal Satellite Low

2680 US HWY 301 South

Jesup, Georgia 31599